**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEMETRIUS A. ECKFORD,

    Petitioner,                    Civil No. 2:10-CV-12103
                                      HONORABLE MARIANNE O. BATTANI
v.                                    UNITED STATES DISTRICT JUDGE

SHERRY L. BURT,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Demetrius A. Eckford, ("Petitioner"), presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for felon in possession of a firearm, M.C.L.A. 750.224f; carrying a concealed weapon, M.C.L.A. 750.227; and possession of a firearm in the commission of a felony, second offense, M.C.L.A. 750.227b. Respondent has filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent argues that the petition is subject to dismissal because it contains claims which have not been exhausted with the state courts. For the reasons stated below, in *lieu* of dismissing the petition without prejudice, the Court will hold the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his

1

additional claims. If this fails, the petition will be dismissed without prejudice.

## I. Background

Petitioner was found guilty of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Eckford,* No. 279501 (Mich.Ct.App. December 18, 2008); *lv. den.* 483 Mich. 1022; 765 N.W. 2d 336 (2009); *reconsideration den.* 484 Mich. 874; 769 N.W. 2d 662 (2009).

On May 20, 2010, petitioner filed a petition for writ of habeas corpus. [1] Petitioner seeks habeas relief on the following claims:

I. "If not for the officers intrusion, would the gun have been found?"

II. "Did the attorney abandon defendant Eckford at a critical stage in the proceeding?"

III. "Did the Petitioner waive his right to represent his-self (sic)?"

IV. "To obtain this State conviction, who deprived defendant of his liberty interest by violating the Fourth, Sixth, Fourteenth Amendment?"

## II. Discussion

Respondent contends that petitioner's habeas application is subject to dismissal because it contains claims which have not been exhausted with the state courts.

On his direct appeal, petitioner raised what amount to the first three claims

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on May 20, 2010, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

that he raises in his petition. Petitioner argued that the state trial court erred in denying petitioner's motion to suppress evidence, that petitioner was denied the effective assistance of counsel when his trial counsel abandoned her representation of petitioner during the hearing on the motion to suppress evidence, and that the state trial court erred by permitting petitioner to proceed in *pro per* at the hearing on the motion to suppress without obtaining a valid waiver of petitioner's right to counsel.

In addition to these claims, petitioner raises for the first time in his habeas petition and in his reply brief several claims involving the alleged ineffective assistance of appellate counsel. Petitioner also raises a claim that the arresting officer in this case committed perjury at the evidentiary hearing conducted on the motion to suppress evidence. Although unclear, petitioner also appears to claim that his trial counsel was ineffective for failing to call as a defense witness at trial a *res gestae* witness named James Siggers, whom petitioner claims would have provided a different account than the arresting officer did with respect to how and where the gun was found. None of these claims were presented as part of petitioner's direct appeal.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves

the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

     Petitioner's habeas petition contains several unexhausted claims. First, petitioner appears to be raising an additional ineffective assistance of trial counsel claim which has yet to be presented to the state courts. Although petitioner raised a claim on direct appeal involving trial counsel's failure to represent him on his motion to suppress evidence, petitioner did not raise a claim involving trial counsel's failure to call James Siggers as a defense witness to testify at trial regarding the circumstances surrounding the discovery of the weapon by the police. The federal courts do not have jurisdiction to consider a

claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Because petitioner's ineffective assistance of counsel claim involving the failure to call James Siggers as a defense witness is different than the ineffective assistance of counsel claim that was presented during petitioner's appeal of right, this claim has not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)).

In addition, petitioner's ineffective assistance of appellate counsel claims have not yet been presented to the state courts. A claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004).

Lastly, petitioner has never raised a claim in the Michigan courts involving the alleged perjury of the arresting officer. A habeas petitioner must exhaust a perjury claim in the state courts before he can raise it in a petition for habeas relief. *See Wagner,* 581 F. 3d at 417-18.

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

The Court is aware that petitioner at the beginning of his reply brief indicates that he wishes to delete these unexhausted claims from his petition. A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks v. Jackson,* 149 Fed.Appx. 414, 421 (6th Cir. 2005). This Court declines to do so for several reasons.

First, although petitioner asks in his reply brief for this Court to delete his unexhausted claims, he then proceeds to spend a great deal of time in his reply brief reiterating his allegations involving the alleged ineffectiveness of his appellate counsel. It is also in his reply brief that petitioner raises for the first time

his claim that trial counsel was ineffective for failing to call James Siggers as a *res gestae* witness to rebut the issue of the "gun's wrongful assignment of ownership" and that appellate counsel was ineffective for failing to file a motion for an evidentiary hearing in the trial court on this ground.[2] Petitioner's lengthy arguments in his reply brief with respect to his unexhausted claims are inconsistent with his expressed desire to delete them from his petition.

Secondly, a district court should only offer a petitioner a choice to amend his habeas petition to delete his unexhausted claims when a stay of the petition pending the petitioner's return to the state courts is unwarranted. *See Thompson v. Secretary for Dept. of Corrections,* 425 F. 3d 1364, 1366 (11th Cir. 2005). Because this Court is willing to hold the petition in abeyance while petitioner returns to the state courts to exhaust his additional claims, it is unnecessary for petitioner to delete these claims in order to preserve his right to habeas relief.

Petitioner's habeas application is subject to dismissal because it contains claims that have yet to be presented to the state courts. This Court is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas

---

[2] *See* Reply Brief, pp. 3-5, 8.

petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005). .

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F. 3d at 419. Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. ³ Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment

---

³ Moreover, state post-conviction review would be the first opportunity that petitioner would have under Michigan law to raise his ineffective assistance of appellate counsel claims. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010); *Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004). Therefore, it is unclear whether petitioner would even be required under *Rhines* to establish cause for his failure to raise these ineffective assistance of appellate counsel claims earlier with the state courts.

8

with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F. 3d at 419; *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.**  If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case will then be held in abeyance pending the petitioner's exhaustion of the claims.  Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**.  Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.  *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT**

**DATED:** February 3, 2011

CERTIFICATE OF SERVICE

     I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, Demetrius Eckford via ordinary U.S. Mail, and counsel for the respondent electronically.

                                s/Bernadette M. Thebolt
                                Case Manager